UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| EVODIE SEBIHELE,<br><br>Petitioner,<br><br>v.<br><br>SCOTT A. MAPLES, JR. Sheriff, Clark County, in his official capacity in overseeing the Michael L. Becher Adult Correctional Complex,<br>SAMUEL OLSON Immigration and Customs Enforcement Field Office Director, in his official capacity,<br>MARKWAYNE MULLIN Secretary, Department of Homeland Security, in his official capacity,<br>TODD BLANCHE Acting Attorney General, Department of Justice, in his official capacity,<br><br>Respondents. | ) | No. 4:26-cv-00176-TWP-KMB |

**ORDER**

This matter is before the Court on a Petitioner Evodie Sebihele's Motion to Enforce or for an Alternative Ruling (Dkt. 16) and Unopposed Motion to Strike ECF No. 7-1. (Dkt. 18). For the reasons stated below, the motion to enforce is **denied**, and the unopposed motion to strike is **granted in part**.

## I. <u>DISCUSSION</u>

Ms. Sebihele filed Petition for Writ of Habeas Corpus challenging the lawfulness of her detention at the Clark County Jail on behalf of U.S. immigration officials. (Dkt. 1). The Court granted her petition in part, ordering the respondents to "provide Ms. Sebihele with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations" or, alternatively, release her from detention. (Dkt. 12 at 8). The case is back before

the Court on Ms. Sebihele's motion to enforce the Court's previous order. Ms. Sebihele received a bond hearing but was denied bond and remains in immigration detention. She contends that the immigration judge gave undue weight to one piece of evidence—a criminal conviction—and rendered a decision was constitutionally deficient. (Dkt. 16).

Ms. Sebihele's motion to enforce the Court's previous order is **denied** for four reasons.

First, the motion demonstrates that Ms. Sebihele received the relief this Court ordered: a bond *hearing* consistent with § 1226(a) and its regulations. (Dkt. 12 at 8). Ms. Sebihele takes issue with the immigration judge's decision, but there is no dispute that she received the hearing the Court ordered. She does not deny that she was given ample opportunity to present her case or assert that she was deprived of any procedural right in the bond proceeding.

Second, the proper forum for challenging the immigration judge's decision is the Board of Immigration Appeals, not this Court. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); 8 C.F.R. § 1236.1(d) (providing for Board of Immigration Appeal review of bond determinations).

Third, to the extent this Court *could* review the bond determination, Ms. Sebihele has not exhausted administrative remedies by completing an appeal at the Board of Immigration or demonstrated that she should be excused from doing so. The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). Exhaustion is no mere formality.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the

> courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists," and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

The undersigned acknowledges that there is no statutory requirement for Ms. Sebihele to complete a Board of Immigration Appeal before seeking review in this Court. But in the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez*, 355 F.3d at 1016. In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir*, 301 F.3d at 498); *accord McCarthy*, 503 U.S. at 146–49 ("This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."). A party seeking to be excused from exhaustion "need only show that one of the four exceptions outlined above applies." *Iddir*, 301 F.3d at 498.

Ms. Sebihele does not argue that she should be excused from the general rule requiring exhaustion, much less identify a specific reason why exhaustion should be excused.

Fourth, to the extent Ms. Sebihele raises a constitutional challenge that could be adjudicated in this Court, it is at minimum a constitutional challenge intertwined with the

immigration judge's assessment and weight of the evidence. Ms. Sebihele may obtain the relief she seeks by arguing to the Board of Immigration that the immigration judge's decision making violates the applicable administrative standards. Indeed, she cites immigration regulations and Board of Immigration Appeal authority in her motion. (*See* Dkt. 16 at 5). To the extent she raises a purely constitutional issue, federal courts are to "avoid[] unnecessary constitutional decisionmaking" and resolve cases on other grounds where possible. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). It is appropriate in this case to give the Board of Immigration Appeal a chance to resolve Ms. Sebihele's claim on nonconstitutional grounds.

Ms. Sebihele argues alternatively that she is entitled to immediate release because the Respondents filed documents in response to her petition that should have been redacted or not filed at all. (Dkt. 16 at 9–11). If her allegations are true, they are not a basis for release. "[T]he purpose of a habeas corpus action is not to compensate the petitioner for a past injury or punish the respondent for wrongdoing; it is solely to determine whether the petitioner's current *detention* is lawful." *Feliciano v. Warden*, No. 3:26-CV-1108-CCB-SJF, 2026 WL 2525659, at *3 (N.D. Ind. Aug. 26, 2026) (emphasis added) (citing *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)). Ms. Sebihele is lawfully detained under 8 U.S.C. § 1226(a). She may have a remedy for an improper disclosure of information, but the remedy is not release from lawful detention.

Ms. Sebihele's Unopposed Motion to Strike improperly filed documents, (Dkt. 18), is **granted** insofar as the **clerk is directed** to **seal** the exhibit at (Dkt. 7-1). Rather than striking the exhibit, the parties will have **through November 10, 2026**, to jointly file a properly redacted version of the exhibit at (Dkt. 7-1) that may appear on the docket. *See* S.D. Ind. L.R. 5-11(d) (requiring contemporaneous filing of redacted version); *see, e.g.*, *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open

to public view."); *Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996) ("The court instead should have ordered defendants to redact the confidential information and then should have placed the remainder of the document in the public record.").

## II. CONCLUSION

For the reasons stated above, Ms. Sebihele's Motion to Enforce or for an Alternative Ruling, Dkt. [16] is **DENIED**.

Ms. Sebihele's Unopposed Motion to Strike ECF No. 7-1, Dkt. [18] is **GRANTED in part**. The **clerk is DIRECTED** to **SEAL** the exhibit at Dkt. 7-1. The parties will have **through November 10, 2026**, to jointly file a properly redacted version of the exhibit at (Dkt. 7-1). If nothing is filed by the deadline, the exhibit will be unsealed.

**IT IS SO ORDERED.**

Date: October 28, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jessica Dawgert
Ariela Lake Law & Consulting PLLC
jess@allc.law

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Parvinder Kaur Nijjar
DOJ-USAO
parvinder.nijjar@usdoj.gov